**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of:  TERESA JEAN MOORE; JENNIFER LAUREN MOORE, <br><br> Debtors. <br><br> ------------------------------ <br><br> TERESA JEAN MOORE; JENNIFER LAUREN MOORE, <br><br> Appellants, <br><br>  v. <br><br> JOHN NELSO SPADARO; et al., <br><br> Appellees. | No.    18-16818 <br><br> D.C. No. 5:17-cv-03760-EJD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chapter 13 debtors Teresa Jean Moore and Jennifer Lauren Moore appeal pro se from the district court's order dismissing their bankruptcy appeal for failure to prosecute. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We review for an abuse of discretion. *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994). We affirm.

The district court did not abuse its discretion by dismissing appellants' appeal for failure to prosecute or by denying appellants further time to oppose defendant Kay's motion to dismiss, after it previously provided them numerous extensions of time to perfect their appeal and opportunities to respond to the orders to show cause. *See id.* at 1451-56 (discussing factors for district court to weigh in determining whether to dismiss for failure to prosecute; noting that dismissal should not be disturbed unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (district court has broad discretion to manage its docket).

Because we affirm the district court's dismissal for failure to prosecute, we do not consider appellants' challenges to the bankruptcy court's orders or judgment in the underlying adversary proceeding.

18-16818

Appellants' motion to take judicial notice (Docket Entry No. 19) is denied as unnecessary.

**AFFIRMED.**